## BAKER *vs.* PAGE & *al.*

The plaintiff cut logs upon the land of another without license, and sold them upon credit to the defendants, informing them fully at the time of the above fact, and they expressly agreeing to take them, subject to the claims of the true owner. *Held,* in an action brought for the price, that a defence, founded upon the alleged *want* or *unlawfulness* of consideration for their promise, could not prevail.

THIS was an action of *assumpsit* on account annexed, for a quantity of pine mill logs, and for expenses incurred in running them.

In defence, it was proved, that the timber was cut by the plaintiff, without license, upon certain lands belonging to *Alexander Baring* and others, and that the defendants had been notified by the agent of *Baring* and others, that he should look to them for the full value of the logs in question.

To obviate and repel this defence, it was proved on the part of the plaintiff, that at the time of the sale of the logs to the defendants, the latter were informed that the logs were cut, without license, upon the land of *Baring* and others, and therefore, liable to be seised by them; and that the defendants expressly agreed to take this risk upon themselves; and that, they agreed to give, for the logs, the stipulated price to the plaintiff, which appeared to be about their full value, subject to the rights and claims of the *Barings*.

The counsel for the defendants insisted, that if such were the facts, the plaintiff could not recover. First, because their promise was without consideration — and secondly, because the consideration was unlawful. But *Weston J.* instructed the jury, that if the defendants purchased the logs, taking upon themselves the risk of the claim of the *Barings*, and subject to their rights, the plaintiff was entitled to recover, notwithstanding the interposition of the *Baring* claim.

The jury returned their verdict for the plaintiff. If they were not properly instructed, the verdict was to be set aside and a new trial granted, otherwise judgment was to be rendered thereon.

*Wells*, for the defendants, argued in support of the following positions.

1. That, the *Barings* could maintain trespass or trover against any person cutting, taking or selling these logs — as well the defendants, as the plaintiff. *Nelson* v. *Burt*, 15 *Mass.* 204; 1 *Chitty's Pl.* 152 — 4; *Towne* v. *Collins*, 14 *Mass.* 500.

2. That, the promise of the defendants was without consideration. *Howard* v. *Witham*, 2 *Greenl.* 390; *Fowler* v. *Shearer*, 7 *Mass.* 14; *Gates* v. *Winslow*, 1 *Mass.* 66; 5 *Johns.* 272.

3. That the consideration was unlawful. The plaintiff admits that he has done a wrong and acquired a right by it, and sells that right to the defendants. *Bliss* v. *Negus*, 8 *Mass.* 47; *Tucker* v. *Smith*, 4 *Greenl.* 415.

This transaction between the parties was intended to keep the property of the *Barings* from them, and to defraud them of it; and any promise growing out of it, is not binding. *Boynton* v. *Hubbard*, 7 *Mass.* 112.

The cutting by the plaintiff was a wrong — so the holding of

Baker *v.* Page & al.

the property was a continuance of the wrong — and the act of selling was a wrong. — The making of the promise to pay for them, was a part of the wrong — it was a promise to pay the plaintiff for doing an unlawful act. *Springfield Bank* v. *Myrick*, 14 *Mass.* 322; *Ayer* v. *Hutchinson*, 4 *Mass.* 370; *Coolidge* v. *Blake*, 15 *Mass.* 429; *Russell* v. *Degrand*, 15 *Mass.* 35.

*Tenney*, for the plaintiff, cited 3 *Burr.* 1663; *Musson & al.* v. *Fales*, 16 *Mass.* 332; 3 *Stark. Ev.* 1632; *Faikney* v. *Reynous & al.* 4 *Burr.* 2069; 3 *T. R.* 418; *Armstrong* v. *Toler*, 11 *Wheat.* 258.

WESTON J. delivered the opinion of the Court.

Two grounds of defence are urged in this action. That there was no consideration for the promise declared on; or if any, that it was unlawful.

The plaintiffs have received the logs they purchased, and have converted them to their own use. They have enjoyed what they expected, which they regarded as valuable. With a full knowledge of all the facts, they assumed the chances attending the sale; and if they are likely to have an unfavorable issue, nothing has happened, which might not have been foreseen. It is said the consideration has failed; that the *Barings* were the owners of the logs; and that the plaintiff had no valuable interest whatever in them. The *Barings* were the original owners of the timber while standing, and it was proved that they have notified the defendants, that they claim of them the full value of the logs. From the authorities cited for the defendants, it appears that this claim may be enforced. If they are also holden to pay the plaintiff, they may be twice charged for the same property. If they are brought into this difficulty, and the bargain has turned out to be altogether an improvident one, they made it with their eyes open; without fraud or imposition, on the part of the plaintiff. He did not profess to be the undisputed owner of the logs; he apprised the defendants of the right of the *Barings*, and sold expressly subject to their claim. The favorable chances they took at the time were, first, that the *Barings* might never look up their claim; secondly, that they might call upon the plaintiff, he being the wrongdoer, charging him either as a trespasser, or as

the receiver of money to their use, upon the sale of the logs to the defendants, which they might affirm and ratify ; or thirdly, if resort was had to the defendants, the *Barings* might be satisfied with the value of the timber while standing, which would indemnify them for the injury they had sustained. We entertain no doubt, that these chances constituted a sufficient consideration, if lawful, to support the promise.

The law will not enforce a contract, founded upon an illegal consideration. This principle is well settled. The authorities to this point, cited for the defendants, present a variety of cases, in which the rule has been applied. The wrong here consisted in the trespass committed upon the land of another, in which the defendants had no agency or participation. The transfer of the timber from hand to hand, had no tendency to increase the injury. Every sale enlarged the remedy of the *Barings*. It increased their chance of eventual indemnity, by adding to the number of the persons liable to them. A sale, tending to defraud or injure third persons is unlawful; but the sale in question is clearly not of that character. The law does not avoid every contract connected with an unlawful transaction. Courts have gone great lengths in sustaining collateral contracts, which have been occasioned by violations of law. Thus in *Faikney* v. *Reynous*, 4 *Burr.* 2069, losses having been incurred by two persons, who were jointly concerned in certain contracts prohibited by law, and the whole having been paid by one of them, a bond given to secure the proportion of the other was enforced. In *Farmer* v. *Russell*, 1 *Bos. & Pull.* 296, it was held, that if A. receives money of B. to the use of C., it may be recovered by C. in an action for money had and received, though the consideration on which B. paid it, be illegal. In *Armstrong* v. *Toler*, 11 *Wheat.* 258, *Marshall C. J.* says, "to connect distinct and independent transactions with each other, and to infuse into one, which was perfectly fair and legal in itself, the contaminating matter which infected the other, would introduce extensive mischief into the ordinary affairs and transactions of life, not compensated by any one accompanying advantage."

*Judgment on the verdict.*